UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

STEADFAST STORM SYSTEMS
INC.,

      Plaintiff,

v.                                                    Case No:  2:24-cv-01044-JLB-KCD

EVANSTON INSURANCE
COMPANY,

      Defendant.

_____/

## ORDER

Before the Court is Defendant Evanston Insurance Company's Motion to
Dismiss (Doc. 18) Plaintiff Steadfast Storm Systems, Inc.'s Complaint (Doc. 1) for
failure to state a claim upon which relief can be granted.  Plaintiff's Complaint
alleges that Defendant's refusal to indemnify constitutes a breach of contract and
wrongful refusal to defend.  (*See* Doc. 1).  After careful review of the Complaint, the
parties' briefing, and the entire record, the Court **GRANTS** Defendant's Motion to
Dismiss.

## BACKGROUND

Plaintiff obtained insurance from Defendant to cover claims made against it
by employees.  (Doc. 1 at ¶ 5).  When an employee brings a claim against Plaintiff
that is not excluded under the terms of the Policy, Defendant has a duty to defend
Plaintiff against the claim.  (*See generally* Doc. 1-1).

During the time that this Policy was in effect, Plaintiff received a Demand

Letter from an attorney for Aneshia Williams, Plaintiff's employee, alleging "sexual assault and sexual harassment." (Doc. 1 at ¶¶ 8, 9; Doc. 1-2). Plaintiff timely reported the claim to Defendant, and Defendant assigned a claim number and agreed to participate in mediation. (*Id.* at ¶¶ 10–13). Before mediation took place, Defendant notified Plaintiff that it would not defend or indemnify the claims made in the Demand Letter. (*Id.* at ¶ 14). Still, Defendant allowed its attorney to represent Plaintiff at mediation, though it informed Plaintiff it would not provide indemnity coverage or contribute to settlement costs. (*Id.* at ¶ 15). As a result, Plaintiff paid "a substantial portion" of the settlement. (*Id.* at ¶ 16).

Plaintiff brings this action alleging that Defendant breached its duty to defend and wrongfully refused to defend under the Policy. (*See id.*). Defendant moved to dismiss (Doc. 18) and Plaintiff responded (Doc. 24). Defendant replied to Plaintiff (Doc. 32), which Plaintiff responded to in turn (Doc. 35).

## LEGAL STANDARD

To avoid dismissal, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "At the motion to dismiss stage, all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1274 n.1 (11th Cir.

1999) (citing *Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367, 1370 (11th Cir. 1998)).  Thus, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

## DISCUSSION

Defendant argues that Plaintiff's Complaint must be dismissed because it fails to state a claim for breach of contract and wrongful refusal to defend.[1]  (Doc. 18).  The Court agrees.

## I.    Failure to Allege Breach of Contract.

To plead a breach of contract claim under Florida law, the plaintiff must show: (1) the existence of a contract; (2) the contract was breached; and (3) the breach caused damages.  *Bray & Gillespie Mgmt. LLC v. Lexington Ins. Co.*, 527 F. Supp. 2d 1355, 1365 (M.D. Fla. 2007) (citing *Knowles v. C. I. T. Corp.*, 346 So. 2d 1042, 1043 (Fla. 1st DCA 1977)).  Plaintiff has not pleaded the second element.

The Policy includes a sexual misconduct exclusion, providing that

> The Insurer shall not be liable under this policy to pay any Loss on account of, and shall not be obligated to defend, any Claim made against any Insured:

---

[1] In its Reply, Defendant argues for the first time that the Court must dismiss the Complaint because it does not specify which Policy provision was allegedly breached.  (Doc. 32 at 2–3).  However, this is true only "[w]here the facts pleaded are insufficient to determine which of the provisions may have been breached . . . ."  *Gentry v. Harborage Cottages-Stuart, LLLP*, No. 08-14020-CIV, 2008 WL 1803637, at *4 (S.D. Fla. Apr. 21, 2008).  Here, the Complaint clearly states that Defendant has breached the "duty to defend," which is contained in the Defense and Settlement provision of the Policy.  (*See generally* Doc. 1; Doc. 1-1 at 14–15).

Based upon, arising out of, or *in any way involving*:

1. The employment or retention of any person who actually or allegedly engaged in or threatened any Sexual Misconduct;

2. The supervision, training, or investigation of any person who actually or allegedly engaged in or threatened any Sexual Misconduct;

3. The failure to prevent, intervene, or suppress any actual, alleged, or threatened Sexual Misconduct; or

4. The reporting of or failure to report Sexual Misconduct to authorities;

regardless of culpability, intent, or relationship of the alleged perpetrator of the actual, alleged, or threatened Sexual Misconduct or whether the Sexual Misconduct happened at a premise owned or operated by the Insured.

(Doc. 1-1 at 39) (emphasis added). The Policy defines sexual misconduct as "sexual abuse, sexual assault, sexual battery, sexual molestation, sexual exploitation, or the acquisition or transportation of persons for sexual purposes." (*Id.*).

Plaintiff argues that, because sexual harassment is not included in the Policy's definition of sexual misconduct, Ms. Williams's action against Plaintiff was at least partially covered by the Policy and, thus, Defendant had a duty to defend. (Doc. 24 at 11–13) (citing *Grissom v. Com. Union Ins. Co.*, 610 So. 2d 1299, 1307 (Fla. 1st DCA 1992) ("If the complaint alleges facts partially within and partially outside the coverage of the policy, the insurer is obligated to defend the entire suit.")).

However, the Policy specifically excludes coverage for claims "*in any way involving*" sexual misconduct. (Doc. 1-1 at 39). Ms. Williams's claim

against Plaintiff involved sexual misconduct.  (*See* Doc. 1-2).  Indeed, the Demand Letter alleges sexual assault.  (*Id.* at 1).  Because the Policy entirely excludes coverage for claims " in any way involving" sexual misconduct, which is partly defined as sexual assault, Defendant had no obligation to defend Plaintiff against this claim.  (*See* Doc. 1-1 at 39); *Insoft v. Steadfast Ins. Co.*, No. 8:24-CV-1817-WFJ-SPF, 2025 WL 826718, at *2–3 (M.D. Fla. Mar. 17, 2025) (finding in favor of the defendant where the underlying claim "contained allegations of sexual abuse" and the policy excluded coverage for lawsuits arising "in whole or in part, from alleged, actual, or threatened sexual abuse"); *Sec. Nat'l Ins. Co. v. Brar Davenport Hosp., Inc.*, No. 8:22-CV-1811-KKM-AEP, 2023 WL 121442, at *2 (M.D. Fla. Jan. 6, 2023) (finding that the insurance policy did not cover any portion of the underlying claim where it excluded coverage for claims "arising, in whole or in part, from the use of firearms" and the claimant "was shot by an assailant").

## II.    **Wrongful Refusal to Defend**.

Defendant argues that Plaintiff's wrongful refusal to defend the claim is duplicative of its breach of contract claim because it seeks the same relief on the same facts as the breach of contract claim.  (Doc. 18 at 20–22; *see* Doc. 1 at ¶¶ 17–39).

In response, Plaintiff argues that, even if the claims are duplicative, dismissal is not required.   (Doc. 24 at 15) (citing *Harding v. Fed. Ins. Co.*, No. 6:24-CV-1177-JSS-EJK, 2024 WL 4710170, at *3 (M.D. Fla. Nov. 7, 2024)

("[C]ourts in the Middle District almost universally decline to dismiss claims on grounds of duplicity.")); *see Michael v. Wal-Mart Stores E., LP*, No. 6:14-CV-579-ORL, 2014 WL 5502442, at *2 (M.D. Fla. Oct. 30, 2014) ("[M]otions to dismiss made under Rule 12(b)(6) only test the validity of a claim, not its redundancy; a redundant claim should not be dismissed as long as it is valid."); *New Mkt. Realty 1L LLC v. Great Lakes Ins. SE*, 341 F.R.D. 322, 327 (M.D. Fla. 2022) ("[I]f Plaintiff's breach of contract claim and Defendant's affirmative defenses are truly redundant, then Plaintiff would suffer no prejudice in allowing Defendant's amended counterclaim to proceed alongside Plaintiff's breach of contract claim."). The Court agrees that dismissal is not required on this basis.[2]

Even so, for the same reason Plaintiff's breach of contract claim fails, so too does its wrongful refusal to defend claim. *See supra* Discussion Part I.

Federal Rule of Civil Procedure 15(a)(2) directs a court to provide leave to amend "when justice so requires." "[H]owever, a district court may properly deny leave to amend the complaint under Rule 15(a) when such amendment would be futile." *Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1262–63 (11th Cir. 2004) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Here, there are not set of facts Plaintiff can plead that would succeed on

---

[2] Insofar as Plaintiff argues that the claims are not duplicative by attempting to reframe its wrongful refusal to defend claim as one for declaratory judgment, that argument fails. The term "declaratory judgment" does not appear in the Complaint, Plaintiff has made no such request of this Court, and Plaintiff admits that "[a] claim for declaratory relief was not filed in this action . . . ." (Doc. 24 at 15; see generally Doc. 1).

these claims given the plain language of the Policy's sexual misconduct
exclusion and Ms. Williams's claim.  (Doc. 1-1 at 39; Doc. 1-2).  Thus, leave to
amend would be futile.

**CONCLUSION**

Accordingly, it is **ORDERED**:

1. Defendant's Motion to Dismiss (Doc. 18) is **GRANTED**.

2. Plaintiff's Complaint (Doc. 1) is **DISMISSED with prejudice**.

3. The Clerk of Court is **DIRECTED** to terminate any pending deadlines and
   motions and close the file.

**ORDERED** in Fort Myers, Florida, on July 16, 2025.

JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE